DONG SHUAN CHEN, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 06–5164–ag.

United States Court of Appeals,
Second Circuit.

Sept. 4, 2007.

Dong Shuan Chen, pro se, Flushing, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel; Michele Y.F. Sarko, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

## SUMMARY ORDER

Petitioner Dong Shuan Chen, a native and citizen of the People's Republic of China, seeks review of an October 12, 2006 order of the BIA affirming a December 7, 2004 decision of Immigration Judge ("IJ") Helen Sichel denying his application for asylum and withholding of removal. *In re Dong Shuan Chen*, No. A 96 021 534 (B.I.A. Oct. 12, 2006), *aff'g* No. A 96 021 534 (Immig. Ct. N.Y. City, Dec. 7, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"When the BIA agrees with an IJ's ultimate credibility determination but emphasizes particular aspects of the IJ's reasoning, the Court reviews both the BIA's and the IJ's opinions, including those portions of the IJ's decision that the BIA did not explicitly discuss." *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007). Here, because the BIA addressed solely the IJ's adverse credibility determination, without acknowledging her alternate burden of proof finding, we review both the BIA's and the IJ's findings as to credibility. *See id.*

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 304–05 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We conclude that substantial evidence supports the agency's adverse credibility determination. As the BIA and IJ observed, although Chen's claim was ultimately based on his fear of persecution on account of his Christian faith, he admitted to stating falsely during his airport and credible fear interviews that he had problems in China because he sold Falun Gong materials and his sister practiced Falun Gong.[1] Indeed, during his credible fear interview, Chen specifically denied having any religion. While Chen explained that he was "forced" to lie as instructed by a snakehead, and that his testimony at the

---

1. Because Chen conceded that he lied during his airport and credible fear interviews, we need not conduct an analysis of the reliability of the statements given at those times. *Cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004) (holding that the BIA and reviewing courts must "closely examine" an airport interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible).

IJ hearing was "real," the IJ and the BIA acted within their discretion in rejecting this explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Thus, because the inconsistencies between Chen's testimony and his statements during his airport and credible fear interviews involved the crux of his claim, they substantiated the agency's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

■ Because the findings identified above would alone support the agency's adverse credibility finding, we need not reach the remaining credibility findings or the IJ's alternate burden of proof finding. Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.